F I L E D
Clerk
District Court

JUL 1 3 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GLENDA R. TINAY,<br><br>Plaintiff,<br><br>vs.<br><br>RICARDO P. BAUTISTA, Jr.<br><br>Defendant. | Case No. CV-05-0003<br><br>**AMENDED<br>ENTRY OF DEFAULT JUDGMENT** |

**THIS MATTER** came before the court on July 5, 2007, on the plaintiff's motion for a hearing on damages. Accordingly, the court reopened the case pursuant to its Order Closing File, No. 38 (Oct. 6, 2006), for the purpose of this motion.

**THE COURT**, having considered the testimony to be credible and reliable and having considered the plaintiff's arguments, makes the following disposition:

In early 2002, the plaintiff and the defendant entered into an employment contract. The employment contract entitled the plaintiff to receive $5.25 per hour and 1.5 times the basic pay per hour of overtime. In exchange for her services as a baby sitter and all around house maid, the plaintiff was promised to receive "free furnished accommodation, food, and working clothes during the term of [the] contract. . . ." In addition, the contract provided that the plaintiff shall receive free passage to the place of employment and repatriation to the Philippines. The contract provided that employment was to commence on the date the plaintiff departed Manila to Saipan, MP.

The plaintiff departed from Manila to Saipan on or about July 7, 2002.

During the period of July 8, 2002, up to and including July 14, 2004, the plaintiff worked

seven days per week from 6:30 a.m. to 10:30 p.m. with a one hour break for lunch and one hour break for dinner. From 10:30 p.m. to 6:30 a.m., the plaintiff, having no personal space to retire, was at the defendant's disposal and continuously carried out activities for the defendant.

During the period of July 15, 2004, up to and including January 27, 2005, the plaintiff worked six days per week from 6:30 a.m. to 10:30 p.m. with a one hour break for lunch and a one hour break for dinner. With the exception of Sunday, from 10:30 p.m. to 6:30 a.m., the plaintiff, having no personal space to retire, was at the defendant's disposal and continuously carried out activities for the defendant.

During the entire period of employment, the plaintiff was compensated $200 a month, for a total of $6,200.

The plaintiff has not received compensation in any form for her repatriation expenses.

Accordingly, the plaintiff has proven by a preponderance of the evidence that the defendant has failed to pay the plaintiff for services rendered in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, Non-Resident Worker's Act, 3 CMC § 4411, *et seq.*, and the Minimum Wage and Hour Act, 4 CMC § 9211, *et seq.*, and the employment contract entered into by and between the plaintiff and the defendant.

The plaintiff has proven by a preponderance of the evidence the following damages:

**A. Employment from July 8, 2002, up to and including July 14, 2004**

Hours worked: 14 hours per day, 7 days a week for 105 weeks (10,290 hours)

Regular hours: 40 hours per week for 105 weeks (4,200 hours)

Overtime hours: 58 hours per week for 105 weeks (6,090 hours)

Total wages earned: $5.25 (4,200 + 1.5 x 6,090) = $70,008.75

Total wages received: $5,000

**Wages owed: $65,008.75**

//

**B. Employment from July 15, 2004 up to and including January 27, 2005**

    Hours worked: 14 hours per day, 6 days a week for 28 weeks and 1 day (2,366 hours)

    Regular hours: 40 hours per week for 28 weeks and 8 hours for 1 day (1,128 hours)

    Overtime hours: 44 hours per week for 28 weeks and 6 hours for 1 day (1,238 hours)

    Total wages earned: $5.25 (1,128 + 1.5 x 1,238) = $15,671.25

    Total wages received: $1,200.00

**Wages owed: $14,471.25**

**C. De Facto Work Time from July 8, 2002, up to and including July 14, 2004**

    Pursuant to 3 CMC § 4437(b), the plaintiff was engaged in work during the hours of 10:30 p.m. to 6:30 a.m.

    Working hours: 8 hours per day, 7 days a week for 105 weeks (5,880 hours)

    Regular hours: 0

    Overtime hours: 8 hours per day, 7 days a week for 105 weeks (5,880 hours)

    Total wages earned: $5.25 (1.5 x 5,880) = $46,305.00

    Total wages received: $0

**Wages owed: $46,305.00**

**C. De Facto Work Time from July 15, 2004 up to and including January 27, 2005**

    Hours worked (10:30 p.m. - 6:30 a.m.): 8 hours per day, 6 days a week for 28 weeks and 1 day (1,680 hours)

    Regular hours: 0

    Overtime hours: 8 hours per day, 6 days a week for 28 weeks and 1 day (1,352 hours)

    Total wages earned: $5.25 (1.5 x 1,352) = $10,647.00

    Total wages received: $0

**Wages owed: $10,647.00**

**D. Return Airfare: $459.00**

**E. Work Clothes Purchase: $500**

Accordingly, the plaintiff's damages amount to **$137,391.00**. In addition, in accordance with 29 U.S.C. § 216(b) and 3 CMC § 4447(d), **THE COURT ORDERS** that the plaintiff recover an additional equal amount of **$137,391.00** as liquidated damages.

Furthermore, the court grants the plaintiff reasonable attorney's fees as prayed for with the following exception:

November 30, 2004: Conference with paralegal for 3.00 hours for $600.00.

Accordingly, the court grants **$10,404.10** in attorney's fees and costs, for a total of **$285,186.10**.

**IT IS SO ORDERED.**

**DATED** this 13th day of July, 2007.

                                                                                            /s/ Alex R. Munson
                                                                                            ALEX R. MUNSON
                                                                                            U.S. District Court Chief Judge